J-S03028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRONE SPELLMAN :
:
Appellant : No. 2925 EDA 2017

Appeal from the PCRA Order August 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1303283-2006

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 05, 2019**

Appellant, Tyrone Spellman, appeals *pro se* from the August 15, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On September 7, 2006, Appellant was watching a 17-month-old child while playing a video game. The girl pulled the video game console to the floor. Appellant was enraged and viciously beat her to death.

On January 25, 2008, Appellant was convicted of third-degree murder[1] and endangering the welfare of a child.[2] On March 13, 2008, the trial court sentenced Appellant to an aggregate term of 22½ to 45 years' imprisonment.

_____

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 4304(a)(1).

This Court affirmed. *Commonwealth v. Spellman*, 987 A.2d 824 (Pa. Super. 2009) (unpublished memorandum).

On March 8, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed. Thereafter, counsel moved to withdraw and filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. Appellant filed a response to the Rule 907 notice and argued, for the first time, that he satisfied a statutory exception to the PCRA's timeliness requirement. The response also requested leave to amend the petition to include that argument. On August 15, 2017, the PCRA court dismissed the petition and permitted PCRA counsel to withdraw. This timely appeal followed.[3]

Appellant presents one issue for our review:

> [Did Appellant plead and prove the applicability of the newly-discovered fact exception to the PCRA's timeliness requirement?]

Appellant's Brief at 4.

Appellant argues that the PCRA court erred in dismissing his petition as untimely. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." *Commonwealth v. Montgomery*, 181 A.3d 359,

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.

365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (cleaned up). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on November 18, 2009, at the expiration of the time for seeking review by the Supreme Court of Pennsylvania. Appellant's petition was filed over seven years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact timeliness exception.

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).[4]

Appellant argues that the new "fact" he discovered was that Detective James Pitts illegally coerced suspects and witnesses to provide statements to police. He contends that he did not learn of this "fact" until the publication of two newspaper articles and an evidentiary hearing held in another case. Hence, according to Appellant, Detective Pitts' use of these tactics was a new

---

[4] Both Appellant and the Commonwealth confuse the standard for the newly-discovered fact exception to the PCRA's timeliness requirement with the standard for after-discovered evidence. This Court explained the difference between the two standards in ***Brown***.

"fact" that satisfied the newly-discovered fact exception to the PCRA's timeliness requirement.

This argument fails, however, because Appellant concedes in his brief that both he and his trial counsel were aware of Detective Pitts' use of these tactics prior to trial. Specifically, Appellant concedes that Detective Pitts' use of these tactics was raised in a suppression hearing held on January 23, 2008, *i.e.*, prior to trial. Appellant's Brief at 7. Hence, Appellant failed to plead and prove that the fact upon which his claim was predicated was unknown. Accordingly, the PCRA court properly held that it lacked jurisdiction to consider the merits of his petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/19